No. 38,195

FRANK E. CROUCH, *Appellee*, v. L. R. S. McDONALD, *Appellant*.

(229 P. 2d 766)

Opinion filed April 7, 1951.

A. M. *Fleming*, of Garden City, argued the cause and *William Easton Hutchison*, *C. E. Vance*, *Bert J. Vance*, and *Clifford R. Hope*, *Jr.*, all of Garden City, were with him on the briefs for the appellant.

*Forest v. McCalley*, of Wichita, *P. C. Frazee*, of Syracuse, and *Logan N. Green*, *Roland H. Tate* and *Daniel R. Hopkins*, all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for wages. Judgment was for the plaintiff. The defendant has appealed.

The petition alleged that on July 15, 1945, defendant hired plaintiff to work on his farm for an indefinite period of time and agreed to pay him $150 a month and 160 acres of wheat; that the land to be planted to wheat was a designated quarter section; that plaintiff started to work on July 27, 1945, and worked in a workmanlike manner until he was discharged on September 28, 1945; that the oral contract of employment was breached by defendant without justification; that at the time the contract was breached the quarter section had been summer fallowed and was planted in wheat three days thereafter. The petition further alleged that plaintiff boarded the hired hands of defendant for fourteen days and a fair and reasonable charge for that was $35. The petition then alleged that the quarter section of wheat would harvest twenty bushels to the acre and wheat was worth $1.70 a bushel; that at the time of termination of the contract there was owing plaintiff by defendant $150; that during the time plaintiff worked for defendant all defendant's land was prepared for seeding and drilled except the quarter section which was to be delivered to plaintiff as part of his compensation. The plaintiff asked judgment in the amount of $5,625.

A motion to separately state and number the causes of action stated in this petition was sustained, whereupon plaintiff filed an

amended petition. In the first cause of action he pleaded the contract of employment and his discharge and in the second cause of action he pleaded the money due him on account of boarding defendant's farm hands.

In answer to this petition, defendant alleged admitting the employment but stated that it was only to last until plaintiff and defendant were both satisfied and that if they were satisfied defendant agreed to rent plaintiff 160 acres of land and plaintiff was to pay him one-third of the wheat grown upon the land and plaintiff was to use defendant's machinery but was to prepare and plant the wheat thereon on his own time and to pay for his own oil and fuel. The answer further pleaded that on the morning of September 28, 1945, plaintiff and defendant orally agreed to terminate the contract and at that time defendant paid plaintiff $233.35 and there was owing plaintiff from the defendant $66.65. As to the second cause of action, wherein the boarding of the farm hands was pleaded, the defendant answered that during that time plaintiff and his family lived in defendant's house and used defendant's groceries and plaintiff was not entitled to recover anything on that account. The defendant tendered into court $66.65 for the benefit of the plaintiff. At the conclusion of plaintiff's evidence, the court overruled defendant's demurrer to it. Thereafter the court found for the plaintiff in the sum of $100 for labor and $272 for plaintiff's share of the wheat and found against the plaintiff on all other matters. Judgment was entered for plaintiff accordingly.

The defendant filed a motion for a new trial on some eleven grounds, unnecessary to enumerate here.

The specifications of error are that the court erred in overruling defendant's demurrer because the action was prematurely brought, the oral contract was not performed to a point entitling plaintiff to recover, plaintiff offered no evidence in mitigation of damages, the employment was terminated by agreement and the judgment for $272 as plaintiff's share of the wheat was not within either the pleadings or the evidence.

Defendant's first argument is that the action was prematurely brought. In this the defendant points out that the action was brought on June 12, 1946, for two-thirds interest in the wheat crop. Defendant points out that at the time the action was brought the wheat had not been harvested and argues it was premature to bring the action for the wheat until it had been harvested. This argument is not good for the reason that the plaintiff pleaded the de-

fendant had on September 27, 1945, discharged him and made it impossible for him to either plant the wheat or harvest it. The cause of action accrued on that date. It was not necessary for plaintiff to wait to bring his action until the wheat was harvested. That could only have any importance on the question of the amount of damages and the wheat had been harvested long ere the case was finally heard.

Defendant next argues that the claimed oral contract was not performed by plaintiff. That is purely a question of interpretation of the evidence. The plaintiff testified that he did work for the defendant until the defendant discharged him and terminated the contract. The defendant testified that they mutually agreed to terminate the contract. The trial court believed the plaintiff, which it had a right to do. Such is sufficient evidence upon which to base a finding that the contract had been performed and that the defendant had made it impossible for the plaintiff to further perform.

Defendant next argues that the contract in question was conditional and the conditions were met. The same conclusion applies to that argument as to the preceding one.

The same may be said of the next argument the defendant makes that the agreement in question was terminated by mutual agreement. That question was settled by the trier of the facts.

Defendant next argues there is no evidence at all upon which to base a finding of $272 for wheat. The defendant at no time asked the court to make this finding any more specific. That is a less sum than plaintiff asked and defendant cannot be heard to complain because the amount was not as great as the plaintiff claimed it should be.

The judgment of the trial court is affirmed.